UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH P. EBBING,                                Case No. 1:09-cv-39

       Plaintiff,                                 Senior Judge S. Arthur Spiegel
                                               Magistrate Judge Timothy S. Black
vs.

BUTLER COUNTY, OHIO, *et al.*,

       Defendants.

**REPORT AND RECOMMENDATION**[1] **THAT: (1) PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Doc. 15) BE GRANTED IN PART AND DENIED IN PART; AND (2) PLAINTIFF'S MOTION TO VACATE THE COURT'S PRIOR ORDER (Doc. 18) BE DENIED**

Now before the Court are: (1) Plaintiff's motion to amend the complaint (Doc. 15); and (2) Plaintiff's motion to vacate the Court's prior order (Doc. 18). Defendants did not respond to either motion.

## I.    BACKGROUND FACTS

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff alleges claims against Michael Farthing, an employee of the Butler County Sheriff's Department, and the Butler County Sheriff, Richard K. Jones. Specifically, Plaintiff's complaint alleges that on January 17, 2008, Defendant Farthing detained Plaintiff against his will, searched Plaintiff's automobile without probable cause, and seized Plaintiff's business bag and equipment without

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

probable cause. Plaintiff further alleges that Judge Patricia Oney of the Butler County Courts subsequently issued a search warrant to search Plaintiff's laptop computer based on allegedly false information from Defendant Farthing and without probable cause of criminal activity. Plaintiff further alleges that Sheriff Jones copied, or had copied, the hard drive of Plaintiff's computer, and, to date, has failed to return all of the items seized by Defendant Farthing. Plaintiff seeks monetary and injunctive relief.

## II.  STANDARD OF REVIEW

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

**A. Motion to Amend**

Plaintiff's proposed amended complaint seeks both to add additional claims and additional Defendants.[2]

*1. Addition of claims*

Plaintiff seeks to add multiple state claims alleging criminal violations pursuant to the Ohio Revised Code. Plaintiff alleges that Defendants violated Ohio Rev. Code §§ 2913.02 (theft); 2921.52 (using sham legal process); 2913.42 (tampering with

---

[2] The motion for leave to file an amended complaint was filed on July 21, 2009. (Doc. 15). However, the Scheduling Order required amended pleadings to be filed by July 15, 2009. (Doc. 11). On July 21, 2009, prior to filing the motion for leave, Plaintiff filed an "Apology and motion to extend time for motion to amend complaint." (Doc. 14). Defendants did not oppose the motion for extension of time or the motion for leave to file an amended complaint. Accordingly, because Defendants did not oppose these motions, and in the interest of deciding this case on the merits, the undersigned **GRANTS** Plaintiff's motion for an extension of time (Doc. 14) and will address the motion to amend herein.

records); 2921.32 (obstructing justice); 2913.51 (receiving stolen property); 2913.04 (unauthorized use of property); 2921.31 (obstructing official business); 2921.13 (falsification); 2921.44 (dereliction of duty); 2901.24 (personal liability for organizational conduct); 2921.45 (interfering with civil rights); and 2923.03 (complicity).  However, "Plaintiff cannot bring criminal charges against defendants through a private lawsuit." *Figueroa v. Clark*, 810 F.Supp. 613, 615 (E.D. Pa. 1992).  Accordingly, Plaintiff should not be permitted to add claims based upon violations of Ohio Criminal Statutes.

Additionally, Plaintiff seeks to add claims alleging criminal violations pursuant to federal statutes.  Plaintiff alleges that Defendants violated 18 U.S.C. §§ 241-242, 1621, 1623, and 2235, among others.  Generally, there is no private right of action to enforce criminal statutes.  *American Post. Wkrs. U., Detroit v. Independent Post. Sys.,* 481 F.2d 90, 93 (6th Cir. 1973).[3]  Only a federal prosecutor may determine whether to pursue a criminal action.  *See Hunter v. District of Columbia,* 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005); 28 U.S.C. § 547(1) (stating that the United States Attorney "shall prosecute for all offenses against the United States").

---

[3] *See, e.g.*, *Isbell v. Stewart & Stevenson*, 9 F.Supp. 2d 731, 734 (S.D. Tex. 1998) (no private right of action under Sections 1621, 1623); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); *Bansal v. Russ*, 513 F.Supp. 2d 264 (E.D. Pa. 2007) (plaintiff could not bring a claim pursuant to 18 U.S.C. § 2235 for alleged wrongful procurement of a search warrant because the statute is a straightforward criminal prohibition and contains no civil remedy or civil cause of action).

Based on these findings, Plaintiff shall not be permitted to include Counts 4, 5, 7, 9, 10, 11, 12, 13, 14, or 15 in his amended complaint. Additionally, Plaintiff shall remove all portions of the other counts which reference the statutory sections deemed herein to be an improper basis for private action. Additionally, Plaintiff shall not be permitted to add Defendants Patti Hanes, Kathryn McMahion, Loren Crisp, Mary Taylor, or Anthony Dwyer, because the proposed claims against these Defendants should be excluded.

2. *Addition of Defendants*

The amended complaint also seeks to add the following Defendants: Butler County Ohio, Butler County Common Pleas Court, Butler County Sheriff's Department, Shannon Cook, Loren S. Crisp, John Does, Anthony Dwyer, Patti Hanes, Kathryn McMahon, Ohio Auditor of State, State of Ohio, Patricia S. Oney, Mary Taylor, and the Village of New Miami. The undersigned finds that adding many of these additional Defendants would be futile and should therefore be denied.

First, Defendants Patricia Oney and Butler County have already been dismissed as parties to this case, as explained in this Court's January 22, 2009 Order. (Doc. 4). Accordingly, they may not be added as parties. For analogous reasons, Plaintiff should not be permitted to proceed against the Village of New Miami. (*See Id.*).

Second, Plaintiff cannot add the Butler County Common Pleas Court as a

Defendant because Ohio courts are not *sui juris*. *See Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 U.S. Dist. LEXIS 718 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued)[4]; *Yoel v. Gandolf*, Case No. 1:06-cv-387, 2007 U.S. Dist. LEXIS 17964 (N.D. Ohio Mar. 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a Section 1983 action). "[A]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Harsh v. City of Franklin*, No. C-1-07-874, 2009 U.S. Dist. LEXIS 25209, at *12 (S.D. Ohio Mar. 26, 2009).

Additionally, Ohio and federal courts agree that a county sheriff's department is not *sui juris*. *See Batchik v. Summit County Sheriff's Dept.*, No. 13783, 1989 Ohio App. LEXIS 877, at * 1 (Ohio Ct. App. Mar. 15, 2989); *Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued); *Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."). Accordingly, it would be futile to add the Butler County Sheriff's Department, and a motion to amend should be denied when "futility of the amendment exists.*" See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973).

---

[4] For a definition of "*sui juris*" in an analogous context, *see Hale v. Vance*, 267 F. Supp.2d 725, 737 (S.D. Ohio 2003) ("The "Police Department, being a mere arm of the City . . ., is not its own entity, and is not capable of being sued (*i.e.*, it is not *sui juris*).")

Third, the Eleventh Amendment bars Plaintiff from bringing claims against the State of Ohio and the Ohio Auditor of State.

The Eleventh Amendment to the United States Constitution reads:

> "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of a Foreign State."

U.S. Const. Amend. XI. This immunity is far reaching. *Thiokol Corp. v. DOT*, 987 F.2d 376, 381 (6th Cir. 1993). It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-01 (1984), by citizens of another state, foreigners or its own citizens, *see Hans v. Louisiana*, 134 U.S. 1 (1890).

Accordingly, the undersigned finds that Plaintiff's motion to amend to add additional Defendants should be denied as to all entities and individuals except Shannon Cook.[5]

### B.  Motion for the Court to Vacate its Prior Order to Dismiss

Plaintiff's motion to vacate is construed as a motion for reconsideration of the Court's order dismissing Judge Patricia Oney and Butler County, Ohio as Defendants. (Doc. 4). As a general rule, motions for reconsideration are not favored unless the

---

[5] Shannon Cook is a Sheriff's Deputy at the Butler County Sheriff's Department who allegedly unlawfully detained Plaintiff. (Doc. 15, Ex. 1 at ¶¶ 25-27).

movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehab. and Corr.,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). Plaintiff has failed to establish any of these requirements.

Plaintiff claims that he did not bring this action pursuant to 42 U.S.C. § 1983 (as stated in this Court's order dismissing Defendants), and therefore the Court cannot lawfully dismiss these Defendants for any reasons related to the statute. (Doc. 18). Specifically, Plaintiff states that he filed the complaint pursuant to Constitutional Amendments which serve as the basis for this Court's jurisdiction. However, had this Court construed the complaint as having been filed pursuant to the Constitution, the entire complaint would have been dismissed for lack of subject matter jurisdiction.

The Constitution does not directly provide for damages. *Sanders v. Prentice-Hall Corp. Sys,* 178 F.3d 1296 (6th Cir. 1999). Therefore, Plaintiff must proceed under one of the civil rights statutes, such as 42 U.S.C. § 1983, which authorizes an award of damages for alleged constitutional violations. (*Id*.) As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

Additionally, Plaintiff claims that it was improper for the District Judge to dismiss certain Defendants *sua sponte*. However, a district court may dismiss an action *sua*

*sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). As discussed in detail in the Court's January 22, 2009 Order, Plaintiff cannot allege a cause of action against Patricia Oney or Butler County, and therefore it would have been frivolous to pursue an action against them.

Accordingly, Plaintiff has not alleged any facts nor cited any legal authority which suggest that reconsideration of the Court's Order is warranted.

### IV. CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT**:

(1) Plaintiff's motion for an extension of time to amend the complaint (Doc. 14) be **GRANTED**;

(2) Plaintiff's motion for leave to amend the complaint (Doc. 15) be **GRANTED IN PART AND DENIED IN PART**;

(3) Plaintiff be permitted to file an amended complaint within **14 DAYS** pursuant to the restrictions stated herein (Plaintiff should be permitted to proceed on Counts 1, 2, 3, 6, 8, and 16, and against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook); and

(4) Plaintiff's motion for the Court to vacate its prior order to dismiss (Doc. 18) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: October 28, 2009  s/ Timothy S. Black
 Timothy S. Black
 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH P. EBBING,

       Plaintiff,   Case No. 1:09-cv-39

  vs.   Senior Judge S. Arthur Spiegel
                                                          Magistrate Judge Timothy S. Black

BUTLER COUNTY, OHIO, *et al.*,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).