UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. EBBING, | : | NO. 1:09-CV-00039 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| BUTLER COUNTY, OHIO, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 24), Plaintiff's Objections (doc. 26), and Defendants Michael Farthing and Richard K. Jones' Reply (doc. 27). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, thus GRANTING in PART and DENYING in PART Plaintiff's Motion to Amend the Complaint (doc. 15), and DENYING Plaintiff's Motion to Vacate the Court's Prior Order (doc. 18).

**I. Background**

Plaintiff brought his Complaint pro se on January 22, 2009, alleging that Butler County Sheriff officers violated his constitutional rights on January 17, 2008, by detaining him, searching his car without probable cause, and by seizing his bag and equipment without probable cause (doc. 3). Plaintiff further alleges that Judge Particia Oney of the Butler County Courts subsequently issued a search warrant to search Plaintiff's laptop computer, based on alleged false information provided by Defendant

Michael Farthing, an employee of the Butler County Sheriff's Department (Id.). Finally, Plaintiff alleges that Defendant Sheriff Richard K. Jones copied or had copied the hard drive of his computer and has failed to return all the items seized by Defendant Farthing (Id.). Plaintiff seeks monetary and injunctive relief (Id.).

On July 21, 2009, Plaintiff sought leave for an extension of time to amend his complaint (doc. 14), which the Magistrate Judge granted within his Report and Recommendation. On the same date, Plaintiff filed his Motion to Amend, in which he seeks to add both additional claims and parties (doc. 15). Shortly thereafter, on July 27, 2009, Plaintiff filed a motion for the Court to vacate its prior Order dismissing Defendants Patricia S. Oney and Butler County, Ohio (doc. 18).

The Magistrate Judge issued his Report and Recommendation on October 29, 2009 that the substance of Plaintiff's motions be denied, with the exception of Plaintiff's proposed addition as Defendant Shannon Cook, a Sheriff's Deputy at the Butler County Sheriff's Department that allegedly detained Plaintiff (doc. 24). The Magistrate Judge further recommended denial of Plaintiff's motion to vacate, which he construed as a motion for reconsideration (Id.).

Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on November 9, 2009, contending that his

motions should be granted, that his constitutional rights are being violated, and that the Court should enter a final dispostive order so that he can immediately appeal his case (doc. 26). Defendants filed a Reply on November 19, 2009, stating that they believed no response to Plaintiff's objections was necessary, as Plaintiff has raised no new issues that need to be addressed (doc. 27). This matter is now ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge recited the applicable standard of Fed. R. Civ. P. 15(a), noting that leave to amend a complaint should be granted when justice requires (doc. 24). However, the Magistrate Judge further noted that the denial of a motion to amend a complaint is proper if the proposed amendment would be futile inasmuch as it would not withstand a motion to dismiss for failure to state a claim (Id.).

The Magistrate Judge next parsed through Plaintiff's proposed addition of claims, all of which are grounded in state and federal criminal statutes (Id.). Because Plaintiffs cannot bring criminal charges through a private lawsuit, and because the enforcement of criminal provisions is within the province of the Attorney General, the Magistrate Judge found that Plaintiff should not be permitted to include Counts 4, 5, 7, 9, 10, 11, 12, 13, 14, or 15 in his amended complaint (Id. citing Figuera v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992), Hunter v. District of Columbia, 384

3

F. Supp. 2d 257, 260 n.1 (D.D.C. 2005), 28 U.S.C. § 547(1)). In addition, the Magistrate Judge found that Plaintiff should remove all portions of all other counts which reference the statutory sections deemed an improper basis for a private action, and Plaintiff should not be permitted to add Defendants Patti Hanes, Kathryn McMahion, Loren Crisp, Mary Taylor, or Anthony Dwyer, because the proposed claims against such Defendants should be excluded (Id.).

Next, the Magistrate Judge found Plaintiff's proposed addition of Defendants, save one, would be futile, and therefore his motion to add such Defendants should be denied (Id.). The Magistrate Judge found that Defendants Patricia Oney and Butler County have already been dismissed, (doc. 4) and that for analogous reasons Plaintiff cannot proceed against the Village of New Miami (Id.). The Magistrate Judge found Plaintiff cannot add the Butler County Common Pleas Court or the Butler County Sheriff's Department as Defendants because neither entity is sui juris (Id. citing Burton v. Hamilton County Juvenile Court, Case No. 1:04-CV-368, 2006 U.S. Dist. LEXIS 718 (S.D. Ohio January 11, 2006), Batchik v. Summit County Sheriff's Dept., No. 13783, 1989 Ohio App. LEXIS 877, at *1 (Ohio Ct. App. Mar. 15, 1989), Barrett v. Wallace, 107 F. Supp.2d 949, 954 (S.D. Ohio 2000)). Finally, the Magistrate Judge found that the Eleventh Amendment bars Plaintiff from bringing claims against the state of Ohio and the Ohio Auditor of State (Id.

citing Hans v. Louisiana, 134 U.S. 1 (1890)). However, the Magistrate Judge recommended that the Court allow Plaintiff to amend his complaint to add Shannon Cook, the deputy originally designated as "Jane Doe" in Plaintiff's Complaint, as Cook, a Sheriff's Deputy at the Butler County Sheriff's Department allegedly unlawfully detained Plaintiff (Id.).

In Part B. of his Report and Recommendation, the Magistrate Judge addressed Plaintiff's Motion to Vacate the Court's January 22, 2009 Order dismissing Defendants Patricia S. Oney and Butler County, Ohio (Id.). The Magistrate Judge found that the Court properly dismissed such Defendants sua sponte as Plaintiff cannot allege of cause of action against either Defendant and it would have been frivolous to allow such actions to proceed (Id.).[1] The Magistrate Judge noted that although Plaintiff contends he is not pursuing his claims under 42 U.S.C. § 1983, but rather under the United States Constitution, there is no other viable vehicle for Plaintiff's claims than the civil rights statute (Id. citing Sanders v. Prentice-Hall Corp. Sys., 178 F.3d 1296 (6th Cir. 1999)). Finally, the Magistrate Judge reported that Plaintiff has not alleged any facts or cited any legal authority which suggests that

---

[1] In the Court's January 22, 2009 Order, the Court found state court Judge Oney entitled to absolute judicial immunity under Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and that Plaintiff failed to allege the requisite unconstitutional policy or custom so as to state a claim of relief against Butler County under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978) (doc. 4).

5

reconsideration of the Court's Order is warranted (Id.). As such, the Magistrate Judge recommended that the Court grant in part and deny in part Plaintiff's motion for leave to amend his Complaint, that Plaintiff be permitted to file an amended complaint within fourteen days under the restrictions that he can proceed on Counts 1, 2, 3, 6, 8, and 16 against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook, and that Plaintiff's Motion to Vacate its prior order to dismiss be denied (Id.).

**III. Petitioner's Objections and Defendants' Reply**

Petitioner's Objections make repeated reference to the United States Constitution, and question the authority of the Court to have issued its decision dismissing Defendants Patricia S. Oney and Butler County (doc. 26). Petitioner further objects to the Magistrate Judge's conclusion that he should not be permitted to include counts invoking criminal provisions, and complains that not allowing him to add the additional Defendants is "contrary to law" (Id.). Plaintiff argues none of his claims are barred by the Eleventh Amendment, because he "has not filed a complaint against another State or a Foreign State" (Id.). Plaintiff contends he did cite sufficient legal authority to justify allowing Defendants Patricia S. Oney and Butler County to remain in the case and that the Court relied on "legally unsubstantiated precedents which were contrary to the U.S. Constitution" (Id.). Finally, Plaintiff requests that should the Court affirm any part of the Magistrate

Judge's Order, the Court should make any such Order a final order so that he could appeal without delay (Id.).

Defendants reply that Petitioner's Objections raise no new issues that need to be addressed (doc. 27). Defendants offer to provide briefing on any specific issues should the Court request (Id.).

## IV. Discussion

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct in all respects. Although the Court can hold a pro se litigant to less stringent standards in liberally construing his pleadings, the Court cannot ignore binding legal precedent or allow frivolous claims to go forward. The Court sees nothing in Plaintiff's Objections providing a factual or legal basis for the addition of any of the specific parties or claims Plaintiff seeks, with the exception of the addition of Defendant Shannon Cook. It appears Plaintiff misapprehends the Magistrate Judge's generous construction of Plaintiff's Complaint under 42 U.S.C. § 1983, as Plaintiff simply cannot directly assert constitutional claims in the manner in which he seeks. Sanders v. Prentice-Hall Corp. Sys., 178 F.3d 1296 (6th Cir. 1999). The Court further notes that there is no basis for a final order in this matter, as Plaintiff's claims against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook have not yet been

7

adjudicated. The Court sees no basis for an interlocutory appeal of this Order denying Plaintiff's motions, because there is no substantial ground for a difference of opinion respecting the correctness of this decision, nor would an immediate appeal materially advance the termination of this litigation. <u>Cardwell v. Chesapeake & Ohio Ry.</u>, 504 F.2d 444, 446 (6th Cir. 1974), <u>Kraus v. Board of County Road Comm'rs for Kent County</u>, 364 F.2d 919, 922 (6th Cir. 1966)(Review under 28 U.S.C. § 1292(b) should be sparingly granted and then only in exceptional cases. It is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 24), GRANTS IN PART and DENIES in PART Plaintiff's Motion for Leave to Amend the Complaint (doc. 15) to the extent that Plaintiff is directed to file an Amended Complaint within fourteen days of this Order, proceeding on Counts 1, 2, 3, 6, 8, and 16, against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook. Finally, the Court DENIES Plaintiff's Motion to Vacate its prior Order to Dismiss (doc. 18).

SO ORDERED.


Dated: February 16, 2010    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge