UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH P. EBBING, | Case No. 1:09-cv-39 |
| Plaintiff, | Judge S. Arthur Spiegel |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| BUTLER COUNTY, OHIO, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1] THAT THIS CASE BE DISMISSED WITH PREJUDICE

On March 15, 2010, *pro se* Plaintiff filed an amended complaint (Doc. 33) pursuant to this Court's Orders (Docs. 29, 31). Specifically, the Court permitted Plaintiff to file an amended complaint proceeding on Counts 1, 2, 3, 6, 8, and 16, and against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook. (Doc. 29). The Court did not grant leave to amend in any other respect. However, the amended complaint that Plaintiff filed included additional causes of action and named new defendants. The amended complaint was substantially different than what the Court permitted. Accordingly, on April 27, 2010, the undersigned granted Defendants' motion to strike the amended complaint. (Doc. 40).

Additionally, the undersigned ordered Plaintiff to file an amended complaint

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

consistent with the District Judge's Order. (Doc. 40). The Court expressly noted that Plaintiff's failure to comply with the Order could result in a recommendation that the case be dismissed. (Doc. 40 at 2). Despite this admonition, Plaintiff filed a second amended complaint, which again included claims and defendants that were not permitted by the Court. (Doc. 42).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Jones v. Warden of Corr. Corp. Of Am.*, No. 06cv42, 2006 U.S. Dist. LEXIS 51703, at *1 (E.D. Tenn. July 26, 2006) ("Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases."). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. Fed. R. Civ. P. 41(b).

The Sixth Circuit considers four non-dispositive factors in evaluating dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered

before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). These factors clearly indicate that Rule 41(b) dismissal for failure to prosecute is appropriate under the particular circumstances of this case.

First, Plaintiff was advised multiple times by the Court how to amend his complaint, and yet repeatedly ignored Court Orders.

Second, Defendants have already been required to expend time and resources to file a motion to strike.

Third, the Court expressly stated that Plaintiff's failure to comply with the Court Order may result in a recommendation for dismissal.

Finally, the Court finds that less drastic sanctions are not appropriate under the particular circumstances of this case. Allowing Plaintiff to proceed would undermine the effect of the Court's Orders and the Civil Rules. Our judicial system depends on these procedural rules to allow the Court to facilitate fair and just resolution of disputes submitted to the Court.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's complaint be **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b).

Date: 5/21/10

s/ Timothy S. Black
Timothy S. Black
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. EBBING, | : | Case No. 1:09-cv-39 |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| BUTLER COUNTY, OHIO, *et al.*, | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).