```
           UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF OHIO
                 WESTERN DIVISION
```

JOSEPH P. EBBING,            :    NO. 1:09-CV-00039
                             :
    Plaintiff,              :
                             :
         vs.                  :    **OPINION AND ORDER**
                             :
BUTLER COUNTY, OHIO, et al., :
                             :
    Defendant.              :

       This matter is before the Court on the Magistrate Judge's May 21, 2010 Report and Recommendation (doc. 45), Plaintiff's Objections (doc. 48), and Defendants Michael Farthing and Richard Jones' Reply (doc. 49). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety and DISMISSES this case from the Court's docket.

**I. Background**

       Pro se Plaintiff filed an Amended Complaint pursuant to this Court's Orders (docs. 29, 31) on March 15, 2010. The Court permitted Plaintiff to amend his Complaint and proceed on Counts 1, 2, 3, 6, 8, and 16 against Defendants Sheriff Richard K. Jones, Michael Farthing, and Shannon Cook (doc. 29). The Court did not grant Plaintiff leave to amend in any other respect (Id.).

       Despite the Court's clear Order concerning which Counts Plaintiff could pursue, Plaintiff filed an Amended Complaint containing new causes of action and naming new Defendants (doc.

33). Defendants challenged such filing, and the Magistrate Judge granted Defendants' motion to strike it, while giving Plaintiff yet another chance to refile an Amended Complaint, consistent with the Court's Order (doc. 40). The Magistrate Judge further advised Plaintiff that a failure to file an Amended Complaint consistent with the Court's direction "may result in a recommendation that this case be dismissed." (Id.).

Plaintiff subsequently filed his Second Amended Complaint, (doc. 42), which similarly included claims and Defendants not permitted by the Court. The Magistrate Judge, noting Plaintiff's repeated failure to follow the Court's orders, has now recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) (doc. 45). Plaintiff has responded, and Defendants have replied such that this matter is ripe for the Court's consideration.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge first established the Court's power to dismiss civil actions sua sponte for want of prosecution. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). The Magistrate Judge next applied the test from United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002), which includes four non-dispositive factors which Sixth Circuit Courts consider in evaluating dismissal under Rule 41(b) (Id.). Those factors are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was

> prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (Id.).

The Magistrate Judge noted that the Court warned Plaintiff of the possibility of dismissal and advised Plaintiff multiple times how to amend his complaint, and also that Defendants had been forced to expend time and resources to file a motion to strike (Id.). Under these circumstances, consistent with Reyes, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice (Id.).

**III. Analysis**

Plaintiff initially objects to the Magistrate Judge's involvement in this action, stating that for a Magistrate Judge to preside over a civil case there must be unanimous consent of the parties involved (doc. 48). Plaintiff simply misapprehends the pretrial posture of his case. The Magistrate Judge was well within his authority in this matter to issue his Report and Recommendation, as statute expressly permits that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ." 28 U.S.C. § 636(b)(1)(A).

Plaintiff states that the Magistrate Judge has taken "dispositive action without any motion contrary to Fed.R.Civ.P.

3

72." (doc. 48). The Magistrate Judge's Report and Recommendation, however is not dispositive in nature, but rather serves as a recommendation to this Court, which in this instant Order is adjudicating this matter.

Plaintiff objects multiple times that the Court has unlawfully refused to order service upon defendants mentioned in the Complaint. This claim, like Plaintiff's claims that the Court violated its oath of office, and Plaintiff's rights to due process, equal protection, trial by jury, equal access to the courts, and right to petition the government for redress of grievances are all premised on the misconception that the Court has no right to dismiss cases sua sponte for failure to prosecute. District courts have long possessed this inherent power in order to prevent undue delays and avoid congestion of their dockets. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). The Court in Link specifically found that Fed.R.Civ.P 41(b) does not prohibit involuntary dismissals for lack of motion by a defendant. The Court further elaborated that this power is "of ancient origin" and "cannot seriously be doubted." (Id. citing 3 Blackstone, Commentaries (1768), 295-296).

**IV. Conclusion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thoughtful, well-reasoned, thorough, and correct. Plaintiff's Objections present legal issues not addressed in the Report and Recommendation and

4

misapprehend the authority of the Magistrate Judge.  The authority of district courts to dismiss cases for failure to prosecute or follow court orders is well recognized in the Federal Rules and relevant case law.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 45), and DISMISSES this case with prejudice pursuant to Fed. R. Civ. P. 41(b).


Dated: October 19, 2010          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge